R. Daniel Fleck (WSB #6-2668)
Sarah A. Kellogg (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 S. Jackson St., P.O. Box 548
Jackson, WY 83001
307-733-7290 / 307-733-5248 fax
fleck@spencelawyers.com
kellogg@spencelawyers.com

*Attorneys for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2022 FEB 22 AM 11:34

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| MARK POOLE,<br><br>        Plaintiff,<br><br>V.<br><br>ROSENDO CASTILLO and HARRY LOGISTICS, INC.,<br><br>        Defendants. | Civ. Action No. 22-CV-40-J |

---

## COMPLAINT

Plaintiff Mark Poole, by and through counsel, R. Daniel Fleck and Sarah A. Kellogg, of THE SPENCE LAW FIRM, LLC, bring this Complaint against the Defendants as follows:

### I. PARTIES

1. Plaintiff Mark Poole is a citizen of Wyoming.

2. Upon information and belief, Defendant Rosendo Castillo is a citizen of California.

3. Defendant Harry Logistics, Inc. ("Harry Logistics") is a California Corporation, with its principal place of business located at 1623 E. Golden Valley Way, Fresno, CA 93730.

1

4.  The registered agent for Harry Logistics is Ajit Singh Johal, 3200 E. Guasti Road, Ontario, CA 91761.

5.  Defendant Harry Logistics is a citizen of California.

6.  On March 13, 2020, Defendant Castillo operated a 2017 Freightliner TT with the vehicle identification number: 3AKJGJDR6HSHK7504 ("Freightliner"), which was owned by Harry Logistics.

7.  Under the doctrine of respondeat superior, Harry Logistics is vicariously liable for any act or omission of any officer, agent, servant, or employee made while acting within the scope of authority delegated by the company, or within the scope of the duties of the employee, which was the direct and proximate cause of Plaintiff's damages.

8.  At all times relevant to the facts alleged herein, Defendant Castillo was an employee, agent, or ostensible agent of Harry Logistics, operating within the scope of agency and/or employment to further the interests of Harry Logistics.

9.  Harry Logistics is vicariously liable for the negligence of Defendant Castillo alleged herein.

## II.  JURISDICTION & VENUE

10.  Plaintiff incorporates and adopts by reference the facts and allegations above as though fully set forth herein.

11.  The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

12.  Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Wyoming.

13. This Court has specific personal jurisdiction over the Defendants because Defendants purposefully availed themselves of the privilege of conducting business in the State of Wyoming.

14. This Court has specific personal jurisdiction over the Defendants because the events giving rise to Plaintiff's claims arise out of Defendants' contacts with the State of Wyoming.

15. The exercise of personal jurisdiction in this case is consistent with Wyoming's long arm statute (W.S. § 5-1-107(a)).

### III.  FACTS

16. Plaintiff incorporates and adopts by reference the facts and allegations above as though fully set forth herein.

17. On March 13, 2020, Mark Poole was traveling westbound on Interstate-80, east of milepost 327.

18. The road conditions were slick.

19. Mr. Poole slowed his vehicle to match the speed of the vehicles ahead.

20. Shortly thereafter, the Harry Logistics Freightliner, operated by Defendant Castillo, came upon Mr. Poole's vehicle, traveling at an unreasonable speed for the conditions.

21. The Harry Logistics Freightliner slammed into the rear of Mr. Poole's vehicle, injuring Mr. Poole.

22. Following the collision, Mr. Castillo continue to drive westbound, and did not pull over to communicate with Mr. Poole.

23. Following the collision, Mr. Castillo continued to drive westbound, and did not pull over to assist Mr. Poole by rendering aid.

24. Eventually, Mr. Poole was able to signal Mr. Castillo to pullover.

25. Mr. Poole was injured in the accident and his vehicle was later declared a total loss. Mr. Poole's injuries include:

    a. traumatic brain injury; and

    b. large rotator cuff tear.

26. Plaintiff's damages are more particularly set forth below in the section of this Complaint entitled "Damages."

### IV. FIRST CAUSE OF ACTION: NEGLIGENCE OF DEFENDANTS CASTILLO AND HARRY LOGISTICS

27. Plaintiff incorporates and adopts by reference the facts and allegations above as though fully set forth herein.

28. At the time of the motor vehicle collision, Defendant Castillo owed a duty of care to Plaintiff to exercise reasonable care in the operation of the Freightliner.

29. Defendant Castillo breached his duty of reasonable care and was negligent. Such negligent acts and/or omissions include, but are not limited to, the following:

    a. Operating a motor vehicle at a speed too fast for conditions;

    b. Failing to keep a proper lookout;

    c. Failing to stop at the scene of an collision;

    d. Failing to render aid;

    e. Failing to exercise reasonable care under the circumstances.

30. In addition, Mr. Castillo willfully and wantonly left the scene of the collision and did not pullover for many miles.

31. Defendant Harry Logistics is vicariously liable for the above negligence of Defendant Castillo.

32. As a direct and proximate cause and result of Defendants' negligence, Plaintiff Mark Poole suffered physical and emotional injuries for which Defendants are liable. These damages are more particularly set forth in the section of this Complaint entitled "Damages."

## V. DAMAGES

33. Plaintiff incorporates and adopts by reference the facts and allegations above as though fully set forth herein.

34. As a direct and proximate result of Defendants' acts and omissions, Mr. Poole sustained the following damages:

   a. Past and future medical expenses, in an amount to be set forth at trial;

   b. Future lost wages and earning capacity to be set forth at trial;

   c. Past and future pain, suffering, disfigurement, scarring, and disability in an amount to be set forth at trial;

   d. Past and future loss of enjoyment of life in an amount to be set forth at trial;

   e. Past and future damages of emotional distress in an amount to be set forth at trial;

   f. Property damage;

   g. Punitive damages; and

   h. All allowable costs of this action and further relief as the Court deems equitable and proper.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants in an amount as supported by the allegations of this Complaint, as follows:

   1. Judgment against the Defendants for general damages in an amount

consistent with the allegations contained herein and to be proven at trial.

2. Judgment against the Defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial.

3. Judgment against the Defendants for punitive damages in an amount consistent with the allegations contained herein and to be proven at trial.

4. Judgment for costs, interest, and such other and further relief as the Court deems just and equitable.

DATED this 18th day of February, 2022.

*[signature]*

R. Daniel Fleck, #6-2668
Sarah A. Kellogg, #7-5355
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
307-733-7290/ 307-733-5248 (Fax)
fleck@spencelawyers.com
kellogg@spencelawyers.com

*Attorneys for the Plaintiff*